UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ANTON D. MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:25-cv-01495-SRW |
| | ) | |
| CHASE GUERRERO, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon self-represented Plaintiff Anton D. Moore's application to proceed in District Court without prepayment of the required filing fee, ECF No. 2, and motion to appoint counsel, ECF No. 3. After reviewing the application, the Court grants the application and waives the filing fee. For the reasons stated below, the action will be dismissed and the motion to appoint counsel will be denied as moot.

## Background

On July 9, 2024, Plaintiff was indicted for 16 felonies, ranging from first-degree murder to unlawful possession of a firearm. *State of Missouri v. Moore*, No. 2422-CR01568-01 (22nd Jud. Cir., St. Louis City).[1] He is currently in pretrial detention at St. Louis City Justice Center. ECF No. 1. Plaintiff filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 before this Court on June 2, 2025. *See Moore v. Burris*, Case No. 4:25-cv-814-AGF (E.D. Mo.). Plaintiff sought to be released from detention, requested dismissal of all criminal charges, and requested that he be reimbursed for the time that he was detained. On September 29, 2025, the

---

[1] Petitioner's underlying state court cases were reviewed on Case.net, Missouri's online case management system. The Court takes judicial notice of these public records. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

Court dismissed the action finding that Petitioner was not entitled to relief as he had failed to exhaust his state court remedies, and there were no extraordinary circumstances to justify bypassing the state courts in raising his claims. *Id*. at ECF No. 6. Just three days after Plaintiff's habeas petition was dismissed, he filed the instant action.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed without prepayment of fees if it is frivolous, malicious, or fails to state a claim on which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). Even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged. *Stone v. Harry*, 364 F.3d 912, 914-915 (8th Cir. 2004).

## The Complaint

On October 2, 2025, Plaintiff filed his complaint against St. Louis City police office Chase Guerrero. ECF No. 1. Plaintiff alleges that on May 3, 2024, the defendant illegally seized

Plaintiff's semi-automatic handgun. *Id*. at 4. Plaintiff states that the defendant did not have probable cause, a search warrant, or consent to search Plaintiff's "man purse." *Id*. at 4-5.

Plaintiff claims several injuries saying the illegal search and seizure interfered with his liberty, disrupted his employment, drained his financial resources, and caused anxiety. *Id*. at 5. For relief, he asks this Court to "suppress the firearm as evidence and stop it from being against me" in his state criminal case. *Id*. at 6. He also requests $100,000 in punitive damages for each day he spends incarcerated, $100,000 in "mental health damages," and $100,000 for violating his rights. *Id*.

## Discussion

Having carefully reviewed and liberally construed Plaintiff's allegations, and for the reasons discussed below, the Court must dismiss Plaintiff's claims.

Plaintiff's allegations are conclusory and offer no details of the defendant's specific actions that resulted in an alleged unlawful search and seizure. Plaintiff provides no information about what the interaction was between himself and the defendant leading up to the search. It is unclear why or how Plaintiff's interaction with the defendant began. Although Plaintiff states that the defendant did not have probable cause to search his purse, he provides no facts that would allow the Court to draw the reasonable inference that the defendant is liable for violating Plaintiff's rights. Plaintiff's failure to make specific and actionable allegations against the defendant will result in the dismissal of the complaint.

Moreover, the Supreme Court in *Younger v. Harris*, 401 U.S. 37, 44, 49–50 (1971), directed federal courts to abstain from hearing cases when there is an ongoing state judicial proceeding which implicates important state interests, and when that proceeding affords an adequate opportunity to raise the federal questions presented. Plaintiff's criminal case is ongoing

and implicates an important state interest – the state's right to enforce its own criminal laws. The ongoing state court proceedings also afford Plaintiff the ability to raise the issue of an unlawful search and seizure. He can litigate this issue and request the evidence be suppressed in state court. Plaintiff offers no reason for why this issue must come to federal court before he argues the issue in state court. Federal courts must abstain from interfering with ongoing state criminal proceedings absent a showing of bad faith, harassment, or other extraordinary circumstances. *Id*. Plaintiff alleges no facts suggesting such circumstances. Thus, even if Plaintiff had stated a claim upon which relief could be granted, the Court would still be required to abstain from any ruling which would interfere with Plaintiff's ongoing state criminal case.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Anton D. Moore's application to commence this action without prepayment of the required filing fee [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel [ECF No. 3] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's claims in this action are **DISMISSED** without prejudice for failure to state a claim.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 4th day of February, 2026.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE